SIXTH DIVISION
 September 20, 1996



 









No. 1-95-2391

JOYCE GRIFFIN, Indiv., and as ) APPEAL FROM THE
Mother and Next Friend of Verna ) CIRCUIT COURT OF
Griffin, a Minor, ) COOK COUNTY
 )
 Plaintiff-Appellant, ) 
 ) 
 v. )
 )
ETHEL FLUELLEN, ) HONORABLE
 ) JENNIFER DUNCAN-BRICE,
 Defendant-Appellee. ) JUDGE PRESIDING.

 JUSTICE McNAMARA delivered the opinion of the court: 

 Plaintiff Joyce Griffin appeals from the order of the
circuit court of Cook County granting defendant Ethel Fluellen's
motion to dismiss plaintiff's action for damages against
defendant pursuant to section 2-619 of the Code of Civil
Procedure (Code)(735 ILCS 5/2-619 (West Supp. 1993)). The
central issue on appeal is whether the circuit court has subject
matter jurisdiction over plaintiff's claims. We affirm the
circuit court's order of dismissal on the ground that the
Illinois Court of Claims has exclusive subject matter
jurisdiction over this case. The relevant facts are as follows.
 On March 8, 1994, plaintiff filed a complaint, seeking
damages for the severe burn injuries sustained by her daughter,
Verna Griffin, the minor plaintiff in this case, as the result of
a fire at defendant's home on January 16, 1994. The complaint
alleged in a single count that prior to the date of the fire,
Verna had been placed in the legal custody of the Illinois
Department of Children and Family Services (DCFS) and that
thereafter DCFS placed her in the legal custody of Fluellen, a
foster parent. As a result of their relationship, Fluellen
allegedly had a duty to protect Verna, to provide her with food
and shelter and to use a reasonable degree of care for her
safety. The complaint further alleged that notwithstanding said
duty, defendant was negligent in one of more of the following
ways: (1) allowed other foster children in her care to gain
access to the means to start a fire; (2) failed to take
reasonably necessary steps to prevent foster children in her
legal custody from starting a fire; and (3) failed to properly
supervise her foster children when she knew, or should have
known, that close supervision was necessary to prevent harm from
befalling Verna. The complaint further alleged that as a direct
and proximate cause of one or more of said acts, an unsupervised
foster child set fire to the house, causing Verna to be severely
burned.
 On April 7, 1994, the law firm of Querrey & Harrow filed an
appearance and jury demand on defendant's behalf, while on April
15, 1994, the Attorney General of the State of Illinois also
filed an appearance and jury demand on defendant's behalf. On
April 19, 1994, the Attorney General filed a motion to dismiss
the complaint pursuant to section 2-619 of the Code (735 ILCS
5/2-619 (West Supp. 1993)) for lack of subject matter
jurisdiction. In that motion, the Attorney General asserted that
DCFS had licensed defendant as a foster parent "for the past
twenty five years," that any duty she owed to Verna arose by
virtue of her employment by the State as a foster parent only and
that defendant was entitled to sovereign immunity such that this
case could be maintained only in the Illinois Court of Claims.
 On April 26, 1994, plaintiff filed a request for production. 
This request sought the following:
 "(a) Any contract between the Defendant and
 the State of Illinois or any department or agency
 thereof;
 (b) Any letters, booklets, pamphlets or writings
 of any kind that set out, refer, or make reference
 in any way to the terms of employment of the Defendant
 with the State of Illinois, or any department or 
 agency thereof;
 (c) The complete personnel file of the 
 Defendant;
 (d) Any report, memo, note or other writing of
 any kind concerning Verna Griffin;
 (e) Any report, memo, note or other writing of
 any kind concerning the fire at Defendant's house on 
 January 16, 1994." 
 On May 12, 1994, defendant, by and through Querrey & Harrow,
filed a combined motion to strike the complaint pursuant to
section 2-615 of the Code (735 ILCS 5/2-615 (West Supp. 1993))
for failure to state a cause of action and to dismiss the
complaint pursuant to section 2-619 based on the assertion that
the complaint was barred by the doctrine of parent-child tort
immunity and that the Court of Claims has exclusive jurisdiction
over this matter, since defendant was a state employee within the
meaning of the State Employee Indemnification Act (5 ILCS 350/1
et seq. (West 1992)).
 On June 27, 1994, plaintiff filed a motion to compel wherein
she requested the trial court to compel answers to her request
for production to which defendant had not responded.
 On July 5, 1994, the trial court directed defendant to
comply with the outstanding production request. Plaintiff
alleges in her brief that a series of documents was produced, but
that none of the documents reflect that defendant was a State
employee at the time of the incident. Plaintiff further alleges
that the most recent document produced was dated July 6, 1991,
and that it indicated that questions were raised concerning
defendant's ability to care for foster children. Plaintiff also
alleges that, according to the records produced, the last year
during which defendant had a valid license to care for foster
children was 1989. Plaintiff finally alleges that no records
were produced which concern Verna or the fire at defendant's
home.
 Plaintiff filed a response to defendant's motion to dismiss,
and defendant subsequently filed her reply. On December 6, 1994,
the trial court entered an order dismissing plaintiff's complaint
pursuant to section 2-619, finding that the Illinois Court of
Claims had exclusive jurisdiction over this case. The order
granted leave to plaintiff to file an amended complaint, which
she did on January 3, 1995.
 The first amended complaint alleged, again in a single
count, that for some time prior to January 16, 1994, defendant
owned, operated and maintained a residence located at 13412 South
Clifton Court in Robbins, Illinois. Verna was alleged to have
been lawfully at that residence when the aforesaid fire started
on the premises. The first amended complaint further alleged
that at all material times, defendant had a duty to use
reasonable care to maintain her premises in a reasonably safe
condition for the persons on the premises and that
notwithstanding that duty, she committed one or more of the
following negligent acts: (1) failed to maintain a heating system
that could provide an adequate amount of heat; (2) used an
electric space heater as a primary heating source; and (3) failed
to provide supervision for the children in the house, when she
knew, or reasonably should have known, that such supervision was
needed to keep the children reasonably safe. As a direct and
proximate result thereof, a fire started in a space heater,
igniting household furnishings and setting the house on fire, and
Verna was injured.
 On February 10, 1995, defendant, through her private
counsel, moved to dismiss plaintiff's first amended complaint
pursuant to section 2-619. She attached her affidavit to the
motion. In her affidavit, Fluellen averred that on January 16,
1994, she owned her home located at 13412 South Clifton Court in
Robbins, that on said date she was a foster parent for DCFS, that
she had been a foster parent for DCFS for many years prior to
that date, that she was a foster parent of Verna Griffin, that
she had custody of Verna and that she had been given custody of
her for at least one year preceding the incident. Based upon
this affidavit, Fluellen argued that the Illinois Court of Claims
had exclusive jurisdiction over the case under the Court of
Claims Act because as a foster parent she was acting as an agent
of the State. She further argued that the doctrine of parent-
child tort immunity required dismissal of plaintiff's complaint
because defendant, in her capacity as Verna's foster parent, was
exercising parental discretion in providing and maintaining
housing for Verna at the time she was injured.
 Plaintiff filed a response to the motion to dismiss her
first amended complaint. In her response, plaintiff argued that
parent-child tort immunity is not available to defendant here
because "[i]n the present circumstances, Ethel Fluellen is no
longer acting as the foster parent of Verna Griffin." Plaintiff
further argued that although defendant in her affidavit does not
claim she was an agent of the State at the time of the
occurrence, the motion to dismiss makes such a claim. Moreover,
plaintiff asserted that no evidence has been offered which is
sufficient to establish that defendant was a State employee.
 Defendant filed a reply in support of the motion, arguing
that plaintiff seeks recovery for defendant's conduct in
maintaining housing for Verna, a duty which falls within her
obligations as foster parent and, as such, the parent-child tort
immunity applies to her such that the first amended complaint
should be dismissed; that plaintiff has provided no factual basis
for her allegation that a foster parent-child relationship no
longer existed between defendant and Verna and that noncustodial
status of a parent is not an exception to parent-child tort
immunity. Defendant also argued that the fact that the State
appeared on her behalf is evidence of its position that DCFS
placed Verna with defendant and that defendant had custody of her
and was therefore a foster parent and State employee. Finally,
defendant argued that the jurisdictional issue is a question of
law, not of fact, as argued by plaintiff. It must therefore be
decided by the court. 
 After a hearing on June 5, 1995, the trial court entered an
order granting Fluellen's motion to dismiss for lack of subject
matter jurisdiction and dismissing the cause. It further ordered
that the action be refiled in the Court of Claims, which has
exclusive jurisdiction over the cause. We note that on January
19, 1996, pursuant to the court's order, plaintiff filed a
protective claim in the Court of Claims (No. 96 CC 2369), naming
Fluellen and DCFS as defendants.
 On appeal, plaintiff contends that the circuit court has
proper jurisdiction over a premise liability action at the home
of an alleged State employee. More specifically, she argues that
there is insufficient evidence establishing that defendant was an
agent of the State at the time of the occurrence. Alternatively,
plaintiff argues that even if defendant was a State agent at the
time of the incident, because defendant owed a duty to Verna
independent of her official duties as Verna's foster parent, the
circuit court would have proper jurisdiction over this cause.
 A trial court's decision to grant a motion to dismiss
pursuant to section 2-619 is proper "if no set of facts may be
proven by which the plaintiff can recover." Management Ass'n of
Illinois, Inc. v. Board of Regents of Northern